**606**

not a purely legal question, but would require this Court to apply a causation standard to the evidence presented at trial. An immediate appeal of the illegal exaction claim to the Federal Circuit without the underlying factual record would not serve any useful purpose, and would not materially advance the termination of the litigation under 28 U.S.C. § 1292(d)(2).

### C. Conclusion

Based on the foregoing, the Court concludes that Defendant's motion to certify the June 26, 2013 order for interlocutory review is untimely, and that the grounds for the motion do not satisfy the criteria in 28 U.S.C. § 1292(d)(2). Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.

**CAPITAL RELOCATION SERVICES, LLC, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 13–596 C**

United States Court of Federal Claims.

October 4, 2013

Subject-matter jurisdiction

**OPINION AND ORDER**

Block, Judge.

Plaintiff filed this bid protest seeking to enjoin the Federal Bureau of Investigation ("FBI") from procuring relocation services under Blanket Purchase Agreements ("BPAs") awarded to plaintiff's competitors. The FBI has announced that it plans to conduct a new procurement to replace the challenged BPAs. The awardees are challenging this "corrective action" in two consolidated protests pending before the court, in which plaintiff is participating as a defendant-intervenor. *See WHR Group, Inc. v. United States*, 13–cv–515; *Lexicon Gov't Services, LLC v. United States*, 13–cv–545.

Plaintiff's protest is materially the same as *Brookfield Relocation Inc. v. United States*, 13–cv–592. As in *Brookfield*, plaintiff and defendant agree that the challenged BPAs are invalid and that the FBI should not procure relocation services under them. But for the *WHR* and *Lexicon* protests, defendant would have already taken corrective action to replace the allegedly invalid BPAs. Thus, as in *Brookfield*, plaintiff and defendant have the same interests and there exists no justiciable case or controversy between them.

Accordingly, for the reasons set forth in the court's opinion in *Brookfield*, issued earlier this day, plaintiff's protest is **DISMISSED**, without prejudice, for lack of subject-matter jurisdiction. The Clerk is

directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**

**TRC GLOBAL SOLUTIONS, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 13–597 C

United States Court of Federal Claims.

October 4, 2013

Subject-matter jurisdiction

**OPINION AND ORDER**

Block, Judge.

Plaintiff filed this bid protest seeking to enjoin the Federal Bureau of Investigation ("FBI") from procuring relocation services under Blanket Purchase Agreements ("BPAs") awarded to plaintiff's competitors. The FBI has announced that it plans to conduct a new procurement to replace the challenged BPAs. The awardees are challenging this "corrective action" in two consolidated protests pending before the court, in which plaintiff is participating as a defendant-intervenor. *See WHR Group, Inc. v. United States,* 13–cv–515; *Lexicon Gov't Services, LLC v. United States,* 13–cv–545.

Plaintiff's protest is materially the same as *Brookfield Relocation Inc. v. United States,* 13–cv–592. As in *Brookfield,* plaintiff and defendant agree that the challenged BPAs are invalid and that the FBI should not procure relocation services under them. But for the *WHR* and *Lexicon* protests, defendant would have already taken corrective action to replace the allegedly invalid BPAs. Thus, as in *Brookfield,* plaintiff and defendant have the same interests and there exists no justiciable case or controversy between them.

Accordingly, for the reasons set forth in the court's opinion in *Brookfield,* issued earlier this day, plaintiff's protest is **DISMISSED**, without prejudice, for lack of subject-matter jurisdiction. The Clerk shall take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**